# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**CRAIG GIBONEY**  **PLAINTIFF**
**REG #42373-044**

v.  Case No. 2:18-cv-00045-KGB-JTR

**GENE BEASLEY,**
Warden, FCC- Forest City Low  **DEFENDANT**

## ORDER

Plaintiff Craig Giboney, a prisoner in the Federal Correctional Institution in Forrest City, Arkansas, field this *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. No. 1). In his petition, Mr. Giboney challenges the conviction and sentence imposed upon him in *United States v. Giboney*, No. 4:15-cr-00097 (E.D. Mo. July, 26, 2016). He contends that he is actually innocent, that he received ineffective assistance of both his trial and appellate counsel, that the trial court refused to let him represent himself, and that he pleaded guilty due to his medical condition and extreme pain. Mr. Giboney seeks to have the Court vacate his conviction and sentence, order his immediate release, and dismiss his restitution obligation. Mr. Giboney further raises an Eighth Amendment claim for inadequate medical care.

The Court has received a Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 4). Judge Ray recommends dismissal without prejudice of Mr. Giboney's challenge to his conviction and sentence due to this Court's lack of jurisdiction. Judge Ray further recommends that Mr. Giboney be afforded the opportunity to convert his inadequate medical care claim to a *Bivens* civil rights action so that it can proceed. *See Bivens v.*

*Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Mr. Giboney filed objections to the Recommended Partial Disposition[1] (Dkt. No. 5).

By separate Order, the Court notified Mr. Giboney of his opportunity to convert his inadequate medical care claim and explained the factors he should consider before deciding whether to consent to convert his claim to a *Bivens* action (Dkt. No. 12). The May 30, 2018, Order, gave Mr. Giboney up to and including June 28, 2018, to notify the Court in writing of his intention to convert his inadequate medical care claim to a *Bivens* action and either pay the filing fee in full or file an application to proceed *in forma pauperis* (*Id.*).

On June 25, 2018, Mr. Giboney filed a motion to set aside order pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 13). The Court construes this motion as an objection the Recommended Partial Disposition filed by Judge Ray (Dkt. No. 4). Mr. Giboney submits that his claim is not a *Bivens* action for bad or lacking medical care (Dkt. No. 13, at 2). Mr. Giboney submits instead that cruel and unusual punishment "was used to extort and or coerce a plea from Giboney" (*Id.*). Further, in response to the May 30, 2018, Order advising Mr. Giboney that he must exhaust all administrative remedies available to him before commencing a *Bivens* action, Mr. Giboney states that he is not required to exhaust administrative remedies because the remedies are unavailable to him (*Id.*, at 5). Mr. Giboney submits that he is unable to comply with the exhaustion requirement because the prison is not "operating correctly under the law" (*Id.*, at 3). Mr. Giboney complains that he continues to be tortured while in confinement and states that the Court "is being unrealistic in both beliefs of circumstances and the ability to comply with the Court's instructions." (*Id.*). Mr. Giboney states that he is "now reduced to continual agony" and "extreme weight-loss" and believes that he will "likely die from the torture at hand, now due as much from the court not

---

[1] The Court notes that Mr. Giboney's objections were untimely. However, the Court has considered Mr. Giboney's objections in its review of the Recommended Partial Disposition.

following the law below as the cancer in his body." (*Id*.). He contends that he is unable to obtain the required grievance forms due to threats from correction officer David Hagler (Dkt. No. 13, at 3-4). Mr. Giboney further asserts a claim of actual innocence (*Id*, at 7).

After a review of the Recommended Partial Disposition and Mr. Giboney's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Partial Disposition in its entirety (Dkt. No. 4). Mr. Giboney's challenge to his conviction and sentence under 28 U.S.C. § 2241 is dismissed without prejudice for lack of jurisdiction. To the extent Mr. Giboney challenges his conviction and sentence imposed in *United States v. Giboney*, E.D. Mo. No. 4:15CR-00097, the Court notes that the statute of limitations for filing a petition for writ of habeas corpus under 28 U.S.C. § 2255 in the sentencing court has not yet run.

To the extent Mr. Giboney's recent filing can be construed as a motion to set aside order, the Court denies without prejudice the motion (Dkt. No. 13). The Court is without jurisdiction to grant relief on Mr. Giboney's conditions of confinement claim. However, given the serious nature of Mr. Giboney's allegations, including but not limited to his allegations that administrative remedies are unavailable to him, the Court, on its own motion, extends to and including July 26, 2018, the date by which Mr. Giboney must alert the Court in writing of his intention to convert his inadequate medical care claim to a *Bivens* action and either pay the filing fee in full or file an application to proceed *in forma pauperis*.

It is so ordered this 27th day of June, 2018.

                                               *Kristine G. Baker*
                                               Kristine G. Baker
                                               United States District Judge